IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DEBORAH K. MAINAAUPO, | ) | CIVIL NO. 05-00641 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN F. PEYTON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO GRANT
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Deborah K. Mainaaupo ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on October 7, 2005.  Respondents John F. Peyton, Director of the State of Hawai`i Department of Public Safety,[1] and Francis Sequeira, Warden, Women's Community Correctional Center ("Respondents") filed an answer to the Petition ("Answer") on January 9, 2006 and Petitioner filed a reply to the Answer ("Reply") on January 27, 2006.  Chief United States District Judge Helen Gillmor referred the Petition to this Court pursuant to 28 U.S.C. § 636(b) and Rule LR72.5 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, and Local

---

[1] John F. Peyton is no longer the Director of the Department of Public Safety.  The Acting Director is Frank K. Lopez.

Rule LR7.2(d). After careful consideration of the parties' submissions and the relevant case law, this Court FINDS AND RECOMMENDS that the Petition be GRANTED for the reasons set forth below.

## BACKGROUND

Petitioner, a state prisoner, challenges the extended sentence that the circuit court imposed upon her pursuant to state law in effect at the time of her sentence. The Petition argues that the extended sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and its progeny.

On July 24, 2000, Petitioner was charged with one count of attempted murder in the second degree, in violation of Hawai`i Revised Statutes ("H.R.S.") §§ 707-701.5 and 705-500. On January 14, 2002, a jury convicted Petitioner of the included offense of attempted assault in the first degree, in violation of H.R.S. §§ 707-710 and 705-500. Attempted assault in the first degree is a class B felony. <u>See</u> Haw. Rev. Stat. §§ 707-710(2), 705-502. A class B felony is punishable by a maximum indeterminate term of imprisonment of ten years. <u>See</u> Haw. Rev. Stat. § 706-660(1).

On March 11, 2002, the prosecution filed a motion to have Petitioner sentenced to an extended term of imprisonment pursuant to H.R.S. §§ 706-661 (Supp. 2001)[2] and 706-662(1) (Supp.

---

[2] That section provides, in pertinent part:
In the cases designated in section 706-662, a person who has been convicted of a felony may be

2001).  [Appx. B to Answer.]  The prosecution alleged that Petitioner was a "persistent offender", *i.e.* she had been convicted of two or more felonies, at different times, when she was eighteen years old or older, and that an extended sentence was "necessary for protection of the public."  See § 706-662(1) (Supp. 2001).[3]  The circuit court conducted a sentencing hearing on August 22, 2002, and entered its Order Granting Motion for Extended Term of Imprisonment on September 3, 2002.[4]  [Appx. C to Answer.]

       The circuit court found that Petitioner was a persistent offender and that an extended sentence was necessary for the protection of the public.  The court found that, on or

---

        sentenced to an extended indeterminate term of imprisonment.  When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
         . . . .
        (3) For a class B felony-- indeterminate twenty-year term of imprisonment[.]

Haw. Rev. Stat. § 706-661 (Supp. 2001).

[3] This Court notes that the Hawai`i State Legislature amended both §§ 706-661 and 706-662 in 2006.  See Act 230 at §§ 23-24, 23rd Leg., Reg. Sess. (Hawai`i 2006).  The legislature eliminated the requirement in § 706-662 that the sentencing court find that an extended term is necessary for the protection of the public.  See *id.* at § 24.  Only the versions of §§ 706-661 and 706-662 in effect at the time of Petitioner's sentencing are at issue before this Court.

[4] At the hearing, the circuit court allowed the prosecution to make a *nunc pro tunc* motion for extended term based on the alternate ground of dangerousness pursuant to H.R.S. § 706-662(3) (Supp. 2001).  The circuit court, however, relied only upon § 706-662(1) in imposing Petitioner's extended sentence.  [Appx. DD to Answer, Trans., Aug. 22, 2002, at 26-28.]

about November 23, 1993, Petitioner was convicted of burglary in the first degree and, on or about August 2, 1994, Petitioner was convicted of three counts of burglary in the first degree.  The court further found that burglary in the first degree was a felony under the Hawai`i Penal Code and that Petitioner was eighteen years of age, or older, at the time she committed those offenses.  [Appx. C to Answer at ¶¶ 3-5.]  In addition, the court made the following findings:

> 6.   [Petitioner] has an extensive criminal history.
> 7.   [Petitioner's] criminality has continued despite her prior contacts with the criminal justice system.
> 8.   [Petitioner] has failed to benefit from the criminal justice system.
> 9.   [Petitioner] has demonstrated a total disregard for the rights of others and a poor attitude toward the law.
> 10.  [Petitioner] has demonstrated a pattern of criminality which indicates that she is likely to be a recidivist in that she cannot conform [her] behavior to the requirements of the law.
> 11.  Due to the quantity and seriousness of the [Petitioner's] past convictions and the seriousness of the instant offense, [Petitioner] poses a serious threat to the community and her long term incarceration is necessary for the protection of the public.

[Id. at ¶¶ 6-11.]  The circuit court therefore granted the prosecution's motion and sentenced Petitioner to an extended term of twenty years' imprisonment.  [Id. at pg. 3.]  The circuit court entered its judgment on August 22, 2002.  [Appx. D to Answer.]

       Petitioner timely appealed her conviction and sentence to the Hawai`i appellate courts.  Petitioner did not allege an

Apprendi violation in either her opening brief or her reply brief. [Appx. E & G to Answer.] On January 7, 2005, Petitioner filed a Supplemental Statement of Related Cases, citing Kaua v. Frank, 350 F. Supp. 2d 848 (D. Hawai`i 2004) ("Kaua II"), and State v. Rivera, 106 Hawai`i 146, 102 P.3d 1044 (2004), cert. denied, 126 S. Ct. 45 (2005). [Appx. H to Answer.] Petitioner also filed a Motion to Reopen Briefing, or, in the Alternative, for Leave to Argue Additional Sentencing Issue on Reconsideration on January 31, 2005. [Appx. I to Answer.] Petitioner stated that she did not argue the Apprendi issue in her opening brief in light of the applicable Hawai`i case law at that time. She argued that Kaua II, Rivera, and United States v. Booker, 543 U.S. 220 (2005), constituted recent developments which cast doubt upon the circuit court's authority to impose her extended sentence. [Id.] The Intermediate Court of Appeals ("ICA") granted the motion. [Appx. J to Answer.] Both Petitioner and the prosecution filed letter briefs on the issue. [Appx. K & L to Answer.]

The ICA affirmed the circuit court's judgment in a Summary Disposition Order on June 24, 2005. [Appx. M to Answer.] The ICA held, *inter alia*:

> (2) The circuit court did not err in sentencing [Petitioner] to an extended term of imprisonment pursuant to HRS § 706-662(1). [Petitioner] had two prior convictions for felonies committed at different times when she was eighteen years of age or older, and the circuit court's determination that an extended sentence was necessary for the protection of the public did not constitute an

>abuse of discretion.  The circuit court did not err in sentencing [Petitioner] as a repeat offender pursuant to HRS § 706-606.5.
>(3)  [Petitioner's] extended term of imprisonment was not an illegal sentence under <u>Apprendi</u> or its progeny.  <u>State v. Rivera</u>, 106 Hawai`i 146, 102 P.3d 1044 (2004).

[<u>Id.</u>]

Petitioner filed an Application for Writ of Certiorari to the Hawai`i Supreme Court.  [Appx. N to Answer.]  The Hawai`i Supreme Court denied the petition and, on July 18, 2005, entered its Notice and Judgment on Appeal, affirming the circuit court's judgment.  [Appx. O & P to Answer.]  Petitioner did not seek a writ of certiorari from the United States Supreme Court.  [Petition at ¶ 9(h).]

Petitioner filed the instant Petition on October 7, 2005.  The sole argument that the Petition raises is that, under <u>Apprendi</u> and its progeny, the imposition of Petitioner's extended sentence violated her Sixth Amendment right to trial by jury and her Fourteenth Amendment right to due process.  [<u>Id.</u> at ¶ 12.]

Respondents filed their Answer on January 9, 2006.  Respondents argued, *inter alia*, that <u>Kaua II</u> was erroneous.  <u>Kaua II</u> relied upon <u>Brown v. Greiner</u>, 258 F. Supp. 2d 68 (E.D.N.Y. 2003), which was subsequently reversed by the Second Circuit.  Further, Respondents argued that <u>Kaua II</u> would require juries to make findings regarding the factors mentioned by the circuit court in Petitioner's sentencing, such as whether she had benefitted from prior contacts with the criminal justice system.

A defendant's criminal history or recidivism is traditionally a factor that the sentencing court considers in increasing a defendant's sentence. [Answer at 59.] Respondent argues that the only fact that rendered Petitioner eligible for an extended sentence was her prior felony convictions. In Respondents' view, the circuit court's discretionary consideration of Petitioner's background, character, and nature of the offense did not require specific findings of fact which would implicate Petitioner's right to a jury trial. Respondents argue that, under Hawai`i law, including Rivera, an offender is eligible for an extended sentence based solely upon her prior convictions and sentences, and Apprendi does not require a jury to make those findings. [Id. at 60-61.]

On January 11, 2006, the Ninth Circuit affirmed Kaua II. See Kaua v. Frank, 436 F.3d 1057 (9th Cir. 2006) ("Kaua III"), *petition for cert. filed*, 74 U.S.L.W. 3687 (U.S. May 24, 2006) (NO. 05-1536). Petitioner filed her Reply on January 27, 2006, arguing that Kaua III requires the granting of her Petition.

## LEGAL STANDARD

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 402-04 (2000). For purposes of § 2254(d)(1), "[c]learly established Federal law" is "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision[,]" Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003) (citations omitted), and refers to the holdings, rather than the dicta, of the Supreme Court's decisions. See Williams, 529 U.S. at 412.

Under the "contrary to" clause of § 2254(d)(1), a federal court may grant relief only when the state court "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently . . . on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13.

Under the section's "unreasonable application" clause, a federal court may grant relief only "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause of § 2254(d)(1) applies if the state court cited the correct Supreme Court principles, but applies it to the facts of

the prisoner's case in an unreasonable manner. See id. at 407. In order to be an unreasonable application of federal law, the state court's application must be "objectively unreasonable." Id. at 409.

### **DISCUSSION**

Petitioner argues that the circuit court's imposition of her extended sentence and the ICA's decision to affirm the extended sentence were contrary to, and an unreasonable application of, Apprendi and its progeny. In her Reply, Petitioner added that Kaua III binds this Court and requires the granting of the Petition.

In their Answer, which they filed before the Ninth Circuit decided Kaua III, Respondents argue that Petitioner's extended sentence does not violate Apprendi because, under the Hawai`i Supreme Court's interpretation of the H.R.S. § 706-662 extended sentencing scheme, prior convictions are the sole factor that triggers an extended sentence pursuant to § 706-662(1). See Rivera, 106 Hawai`i 146, 102 P.3d 1044. Respondents contend that the circuit court's imposition of Petitioner's extended sentence under § 706-662(1)[5] was not contrary to, or an unreasonable

---

[5] At the time the circuit court sentenced Petitioner, a court could impose an extended sentence if, *inter alia*:
> (1) The defendant is a persistent offender whose imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless the defendant has previously been convicted of two felonies committed at different times when the defendant was eighteen years of age or older.

application of, clearly established federal law.

The Ninth Circuit in <u>Kaua III</u>, however, rejected the very argument Respondents raise in the instant case. The Ninth Circuit noted that Hawai`i courts repeatedly have interpreted § 706-662(4) as requiring a two-step process. <u>See</u> <u>Kaua III</u>, 436 F.3d at 1060 (citing <u>State v. Okumura</u>, 78 Hawai`i 383, 412, 894 P.2d 80, 109 (1995); <u>State v. Schroeder</u>, 76 Hawai`i 517, 527, 880 P.2d 192, 202 (1994)). In <u>Okumura</u>, the Hawai`i Supreme Court stated, "[e]ach of the subsections of § 706-662 requires the trial court to engage in a two-step process to impose a sentence for an extended term. The first step involves a finding by the court that the defendant is within the class of offenders to which the particular subsection applies." 78 Hawai`i at 412, 894

---

. . . .
(3) The defendant is a dangerous person whose imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless the defendant has been subjected to a psychiatric or psychological evaluation that documents a significant history of dangerousness to others resulting in criminally violent conduct, and this history makes the defendant a serious danger to others. . . .
(4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public. . . .
(5) The defendant is an offender against the elderly, handicapped, or a minor under the age of eight, whose imprisonment for an extended term is necessary for the protection of the public. . . .
(6) The defendant is a hate crime offender whose imprisonment for an extended term is necessary for the protection of the public. . . .

Haw. Rev. Stat. § 706-662 (Supp. 2001).

P.2d at 109 (citation and quotation marks omitted).  The second step requires the court to find that the imposition of an extended sentence is necessary for the protection of public.  See id. at 413, 894 P.2d at 110.  The Ninth Circuit noted that both of these steps must be followed before a court can impose an extended sentence.  See Kaua III, 436 F.3d at 1061.

Further, the Hawai`i courts "never have characterized step two as anything other than the finding and evaluation of facts."  Id.  In Kaua's underlying state case, the court made certain findings of fact that formed the basis of the court's finding that an extended sentence was necessary for the protection of the public.  See id. at 1059.  Those facts included:

> Kaua's history of substance abuse; his abuse of drugs shortly before the hostage standoff; his history of assaultive behavior; his inability to control his behavior while under the influence or while under stress; his access to firearms; his lack of experience using the weapon with which he perpetrated the standoff; and the strong possibility that he could have injured minors and innocent bystanders because of his inexperience.

Id.  In the instant case, the circuit court also made findings of fact which it relied upon to find that an extended sentence was necessary for the protection of the public.  [Appx. C to Answer.]  Thus, the decision to impose Petitioner's extended sentence was based upon facts in addition to the fact of her prior convictions.  Respondents' contention that Petitioner's prior convictions alone made her eligible for an extended sentence

under § 706-662(1) is therefore inconsistent with the Hawai`i Supreme Court's interpretation of the statute.  See id. at 1061.

In affirming Petitioner's extended sentence, the ICA relied upon Rivera and held that Petitioner's extended sentence did not violate Apprendi and its progeny.  [Appx. M to Motion.] In Rivera, the Hawai`i Supreme Court examined the issue whether the § 706-662 extended sentencing scheme passes constitutional muster under Apprendi and its progeny.  See 106 Hawai`i at 156-61, 102 P.3d at 1054-59.  The supreme court noted that State v. Kaua, 102 Hawai`i 1, 72 P.3d 473 (2003) ("Kaua I"), reaffirmed the "intrinsic-extrinsic" dichotomy, which determines whether a judge or a jury must decide the facts triggering an extended sentence.  See Rivera, 106 Hawai`i at 157, 102 P.3d at 1055.  The Hawai`i Supreme Court reasoned that the facts at issue in a motion for an extended sentence under § 706-662(1), (3), and (4) should be found by the sentencing judge because those facts are "extrinsic" to the elements of the offense and are outside of the Apprendi rule.  In contrast, the facts addressed by § 706-662(5) and (6) are "intrinsic" to the offense and must be found by the trier of fact.  See id.

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  The Supreme Court stated that "the

relevant inquiry is one not of form, but of effect-does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" Id. at 494. The holding in Apprendi is limited to cases in which the statutory range of punishment has been exceeded.[6] See id. at 481.  Based on Apprendi, the Ninth Circuit has rejected the "intrinsic-extrinsic" dichotomy of Rivera and Kaua I.  See Kaua III, 436 F.3d at 1061-62.  The Ninth Circuit held that the sentencing court's finding that an extended sentence was necessary for the protection of the public, together with its finding that Kaua was being sentenced for multiple felonies, exposed Kaua to a sentence greater than the jury's verdict authorized.  Although the sentencing court could properly make the multiple felony finding, a jury should have made the public protection finding.  The Ninth Circuit therefore held that the Hawai`i Supreme Court's affirmance of Kaua's extended sentence was contrary to Apprendi.  See id. at 1062.

The facts of Kaua III are indistinguishable from the facts of the instant case.  The sentencing court applied the two-step process to impose Kaua's extended sentence pursuant to H.R.S. § 706-662(4).  The court first found that Kaua was being

---

[6] The Supreme Court has explained that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely v. Washington, 542 U.S. 296, 303 (2004) (citations omitted) (emphasis in original).

sentenced to multiple felonies, then, based on a number of specific facts, the court found that an extended sentence was necessary for the protection of public.  See Kaua III, 436 F.3d at 1059.  In the instant case, the circuit court applied the two-step process to impose Petitioner's extended sentence pursuant to H.R.S. § 706-662(1).  The court first found that Petitioner was a persistent offender, then, based on a number of specific facts, the court found that an extended sentence was necessary for the protection of the public.  [Appx. C to Answer.]

The Ninth Circuit's decision in Kaua III is directly on point and provides the controlling rule of law in this case.[7] The circuit court found that Petitioner's extended sentence was necessary to protect the public.  Based in part on this fact, the circuit court imposed a greater sentence than the jury's verdict allowed.  Insofar as the public protection finding is a finding of fact other the fact of prior convictions, the jury was required to make that finding.  This Court therefore finds that the circuit court's imposition of Petitioner's extended sentence, and the ICA's affirmance of that sentence, were contrary to clearly established federal law, as articulated in Apprendi.

---

[7] Following the Ninth Circuit's decision in Kaua III, the Hawai`i Supreme Court maintained its position that the § 706-662 multiple offender sentencing scheme is constitutional.  See State v. White, 110 Hawai`i 79, 81 n.4, 129 P.3d 1107, 1109 n.4 (2006) (declining to follow the Ninth Circuit's holding, noting that circuit law is only "persuasive authority" and that only United States Supreme Court decisions are binding on state courts).

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Deborah K. Mainaaupo's Petition be GRANTED. The Court further RECOMMENDS that her sentence be vacated and that the case be remanded to the circuit court for resentencing in accordance with these Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, September 1, 2006.



　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　United States Magistrate Judge

**DEBORAH K. MAINAAPO V. JOHN F. PEYTON, ET AL; CIVIL NO. 05-00641 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**