IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEBORAH K. MAINAAUPO,<br><br>    Petitioner,<br><br>  vs.<br><br>JAMES PROPOTNICK, Acting<br>  Director, Department of<br>  Public Safety, State of<br>  Hawaii,<br>JOYCE ARNOLD, Warden, Otter<br>  Creek Correctional Center,<br>  and<br>MARK J. BENNETT, Attorney<br>  General, State of Hawaii,<br><br>    Respondents.<br>_____ | CIVIL NO. 05-00641 HG-LEK |

**ORDER ADOPTING IN PART, MODIFYING IN PART, AND SUPPLEMENTING
THE FINDINGS AND RECOMMENDATION THAT PETITIONER'S
28 U.S.C. § 2254 PETITION BE GRANTED
AND
GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION**

Before this Court is Petitioner Deborah K. Mainaaupo's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that she is entitled to habeas relief because, under the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and its progeny, the imposition of Petition's extended-term sentence pursuant to the then-existing version of Haw. Rev. Stat. § 706-662(1), violated

1

her Sixth Amendment right to trial by jury and her Fourteenth Amendment right to due process under the United States Constitution.

The Court referred the matter to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72.5.  After briefing by the parties, on September 1, 2006, the magistrate judge issued a "Findings and Recommendation to Grant Petition for Writ of Habeas Corpus".

On September 12, 2006, Petitioner filed her "Objections to Findings and Recommendation to Grant Petition for Writ of Habeas Corpus".

On October 6, 2006, Respondents Iwalani White, Interim Director, Department of Public Safety, Joyce Arnold, Warden, Otter Creek Correctional Center, and Mark J. Bennett, Attorney General, State of Hawaii ("Respondents") filed a "Response and Objections to Magistrate Judge's Findings and Recommendation to Grant Petition for Writ of Habeas Corpus".

On October 17, 2006, Petitioner filed a "Reply to Respondents' Response and Objections to Magistrate Judge's Findings and Recommendation to Grant Petition for Writ of Habeas Corpus."

On January 22, 2007, February 21, 2007, and April 11, 2007, Petitioner filed memorandums noting supplemental authority in support of her Petition.

The magistrate judge's "Findings and Recommendation to Grant Petition for Writ of Habeas Corpus", dated September 1, 2006, (hereinafter, "F & R") is a careful and well-reasoned analysis of the issues raised in the Petition. After review of all filings, the F & R, and Petitioner's and Respondents' objections thereto, this Court adopts in part, modifies in part, and supplements the F & R. The Court GRANTS Petitioner habeas relief pursuant to Section 2254.

## BACKGROUND AND PROCEDURAL HISTORY

The magistrate judge's F & R details the relevant background and procedural history which the Court incorporates by reference and adopts.

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## LEGAL STANDARD

### I. Section 2254

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court conviction is not entitled to federal habeas corpus relief unless he can show that the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

#### A. *"Contrary To" Clearly Established Federal Law*

The United States Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta of the Court's decisions as of the time of

the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision is "contrary to" clearly established law pursuant to 28 U.S.C. § 2254(d)(1) if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [that] precedent." Id. at 405-06.

### B. *"Unreasonable Application" of Clearly Established Federal Law*

A state court's decision is an "unreasonable application" of clearly established federal law pursuant to 28 U.S.C. § 2254(d)(1) if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. To be an "unreasonable application" pursuant to 28 U.S.C. § 2254(d)(1), the state court decision must be more than just incorrect or erroneous. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The state court's application of federal law must be "objectively unreasonable." Id.; see Williams, 529 U.S. at 409.

### ANALYSIS

In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

5

reasonable doubt." Apprendi, 530 U.S. at 490.  This case is one of many Apprendi challenges to Hawaii's extended-term sentencing scheme, Haw. Rev. Stat. § 706-661, 706-662, and 706-664 (Supp. 2001), in effect prior to 2006.  That scheme required a two step process: (1) first, involving a finding by the court that the defendant is within the class of offenders to which the particular subsection applies, and (2) second, requiring the court to find that the imposition of an extended sentence is necessary for the protection of the public.  See Kaua v. Frank, 436 F.3d 1057, 1060-61 (9th Cir. 2006)("Kaua III") (citing State v. Okumura, 894 P.2d 80, 109 (1995); State v. Schroeder, 880 P.2d 192, 202 (1994)).  In Kaua III, the Ninth Circuit Court of Appeals held that Hawaii's pre-2006 extended-term sentencing scheme violated Apprendi because it allowed the sentencing judge to extend the defendant's sentence based upon findings of facts other than facts of prior conviction.

Recently, in Cunningham v. California, 127 S.Ct. 856 (2007), the United States Supreme Court held that a similar sentencing scheme in California was unconstitutional under Apprendi because it allowed for judicial fact finding other than as to a defendant's prior conviction.  California's determinate sentencing law assigned to the trial judge, not to the jury, the authority to find facts that would expose the defendant to a sentence longer than that available based on the jury's findings.

<u>See</u> Cal. Penal Code § 1170 (Determinate Sentencing) (2004) California's determinate sentencing scheme directed the sentencing judge to start with a middle term sentence "and move from that term only when the court itself finds and places on the record facts -- whether related to the offense or the offender- beyond the elements of the charged offense." <u>Cunningham</u>, 127 S.Ct. at 862.  The judge sentenced the defendant, convicted of continuous sexual abuse of a minor, to the upper sentencing term of 16 years based upon his finding, by a preponderance of the evidence, six aggravating circumstances, including the vulnerability of the victim, and defendant's violent conduct which indicated a serious danger to the community.  <u>Cunningham</u>, 127 S.Ct. at 860-61.  The judge's imposition of an increased sentence was based on facts, other than a prior conviction, not found by a jury.

    Hawaii's pre-2006 extended-term sentencing scheme is similar to California's sentencing scheme found unconstitutional in <u>Cunningham</u>.  In imposing an extended-term sentence, it requires the sentencing judge to find the extended sentence necessary for protection of the public without the facts underlying the finding being found by a jury.  See <u>Kaua III</u>, 436 F.3d at 1061 (the Hawaii courts "never have characterized step two as anything other than the finding and evaluation of facts").  Such a scheme "violates *Apprendi's* bright-line rule: Except for a prior

7

conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Cunningham, 127 S.Ct. at 868 (citing Apprendi, 530 U.S. at 490)).  "If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied."  Cunningham, 127 S.Ct. at 869 (citing Blakely v. Washington, 542 U.S. 296, 305 n. 8 (2004) (sentencing scheme in which judge sentenced defendant above standard range based on judge's finding of the additional fact of deliberate cruelty violated the Sixth Amendment).

Indeed, the United States Supreme Court recently granted certiorari in a Hawaii extended-term sentencing case in which the court applied Hawaii's pre-2006 sentencing scheme and sentenced the defendant to an extended sentence. Maugaotega v. Hawaii, 127 S.Ct. 1210 (Feb. 20, 2007).  The Respondents' arguments in this case track the reasoning of the Hawaii Supreme Court in Maugaotega.  The Supreme Court vacated the judgment in Maugaotega and remanded it to the Hawaii Supreme Court for further consideration in light of Cunningham.  In light of such clear directives, the State can no longer maintain that enhanced sentences imposed under the state's pre-2006 extended-term sentencing scheme do not violate Apprendi.

**I.   Petitioner's Objections**

Petitioner objects to the F & R on two grounds.

**A.   *F & R's Remark Regarding 2006 Amendments to Hawaii's Extended-Term Sentencing Scheme***

Petitioner submits that the Court should not adopt the magistrate judge's remark that Act 230 "eliminated the requirement in [Haw. Rev. Stat.] § 706-662 that the sentencing court find that an extended term is necessary for the protection of the public." (F & R at 3 n. 2)  In 2006, Act 230 amended both § 706-661 and § 706-662.  See Act 230 at §§ 23-24, H.B. No. 3256, 23rd Leg., Reg. Sess. (Haw. 2006).  Petitioner submits that the Court should abstain from commenting on the revised statutes because, as a matter of comity, the state courts should be the first to address the meaning, effect, and constitutionality of new state statutes.  See Haw. Hous. Auth. v. Midkiff, 467 U.S. 229, 236-37 (1984).

The Court agrees that it need not opine as to the effect of the 2006 amendments to Hawaii's extended-term sentencing statute. The F & R makes clear that "[o]nly the versions of § 706-661 and § 701-662 in effect at the time of Petitioner's sentencing are at issue before this Court".  The Court declines to adopt the portion of the F & R (F & R at 3 n. 3), commenting on the 2006 amendments by the Hawaii Legislature to Haw. Rev. Stat. § 706-661 and § 706-662.

9

>    **B.    *Petitioner's Extended-Term Sentence Violates the Sixth Amendment as Articulated in Apprendi Because it Was Based on Facts Other than Prior Convictions***

Petitioner asks the Court to supplement the magistrate judge's conclusion in rejecting one of Respondents' arguments. Respondents argued that Petitioner's prior convictions, and not other facts, were what made her eligible for an extended term sentence. The magistrate judge rejected Respondents' argument because the state "circuit court also made findings of fact which it relied upon to find that an extended sentence was necessary for the protection of the public". (F & R at 11.) The magistrate judge concluded that "the decision to impose Petitioner's extended sentence was based upon facts in addition to the fact of her prior convictions." (Id.)[1] The magistrate judge further

---

[1] The state court judge based her imposition of an extended term sentence on, among other things, her findings that the Petitioner "had disregard for the rights of others"; "a poor attitude toward the law"; that she was "likely to be a recidivist"; that she is incapable of "conform[ing] [her] behavior to the requirements of the law," and that she "poses a serious threat to the community." (Appendices for Answer to Petition for Writ of Habeas Corpus at Exh. C ("Order Granting Motion for Extended Term of Imprisonment".) Petitioner further contends that in orally granting the State's motion for an extended term sentence the judge relied not only on "the nature of ... the current offense", but also considered the Petitioner's "mental health", finding that it "contributes to her inability to fully make the appropriate judgment so as to avoid confrontation with general members of the public." (Pet. Obj. at 8.) The Petitioner does not provide any citation to the record regarding the state judge's oral findings. Nonetheless, this Court finds that the facts stated in the circuit court's written order are facts supporting that court's finding that the extended-term sentence was "necessary for the protection of the public" and were required to have been found by a jury.

concluded: "Respondents' contention that Petitioner's prior convictions alone made her eligible for an extended sentence under § 706-661(1) is therefore inconsistent with the Hawai`i Supreme Court's interpretation of the statute."  (F & R at 11-12.)[2]

Petitioner asks the Court to augment this conclusion with the observation that Respondents' argument is not only inconsistent with Hawaii law, but is also inconsistent with "the specific facts of Petitioner's case."

In Petitioner's case, and as the magistrate judge found, the state court judge imposed an extended-term sentence based on facts other than Petitioner's prior convictions.  Even if Hawaii's extended-term sentencing statute allowed for the imposition of an extended-term sentence based solely on prior convictions, which it does not, Petitioner's extended-term sentence would still violate the Sixth Amendment as articulated in Apprendi because it was based on facts other than her prior convictions.  Petitioner's extended-term sentence is

---

[2] As discussed in the F & R, Hawaii courts and the Ninth Circuit Court of Appeals have interpreted Hawaii's extended-term sentencing scheme as requiring a *two-step* analysis before imposition of an extended sentence. See Kaua III, 436 F.3d at 1060.  In addition to "a finding by the court that the defendant is within the class of offenders to which the particular subsection applies", such as a persistent offender, the court must also find that the imposition of an extended sentence is necessary for the protection of the public. Okumura, 894 P.2d at 109-110 (citation and quotations omitted).

unconstitutional because the state judge based it upon facts other than her prior convictions. The Court supplements the F & R to include this finding.

**II. Respondents' Objections**

Respondents make the following objections to the F & R:

(1) The F & R fails to address Ground Two of Petitioner's habeas petition; and

(2) Petitioner's sentence does not implicate or violate the rule of Apprendi.

### A.  *Ground Two Is Not a Basis for Petitioner's Habeas Petition*

Petitioner's Petition raises two grounds for relief:

1. Imposition of the extended term sentence on facts that were neither found by the jury nor admitted by Mainaaupo violated Mainaaupo's rights to trial by jury and due process under the federal and state constitutions as interpreted by Apprendi v. New Jersey, 530 U.S. 466 (2000).

2. The resentencing court lacked discretion to resentence Kamana'o to an extended term because the remand order did not authorize resentencing de novo after Kamana'o's first extended term sentence was vacated on appeal.

(Petition at 2.)

Ground Two incorrectly refers to another individual by the name of "Kamana'o" and appears to be inadvertently included in the Petition. Other than its mention in the Petition, Petitioner does not argue for relief based on Ground Two. Ground Two does not provide a basis for Petitioner's habeas petition.

### B. *Petitioner's Extended-term Sentence is Contrary to Clearly Established Federal Law as Determined by the United States Supreme Court*

Respondents argue that Petitioner's sentence did not implicate or violate Apprendi.  Respondents argue that, according to Hawaii Supreme Court case law, in particular, State v. Rivera, 102 P.3d 1044 (Haw. 2004) and State v. White, 129 P.3d 1107, 1117 (Haw. 2006), "[t]he Magistrate Judge was wrong in finding that the sentencing court could not have imposed Petitioner's extended term of imprisonment without the public protection finding." (Resp. Obj. at 21.)  In support of this argument, Respondents contend that the magistrate judge erred by disregarding "the applicable and controlling federal precedent that holds that a state's highest court's interpretation of state law is dispositive."  (Resp. Obj. at 17.)

### 1. **Federal district courts are bound by clearly established federal law**

In their Answer Brief, Respondents argued that the Hawaii Supreme Court's decision in Rivera is dispositive and controlling.  The F & R addressed this issue at length. Essentially, the Respondents take the position that Rivera revised or clarified the two-step process by finding that the second step - the "necessary for the protection of the public" analysis -- is neither a finding that is a predicate to the imposition of an extended term of imprisonment, nor that which a

13

sentencing court is required to find specifically and separately upon imposing such a sentence. (Resp. Obj. at 19.)

As discussed in the F & R, in Kaua III, the Ninth Circuit Court of Appeal's rejected the very argument Respondents raise in the this case. The Kaua III court concluded that Hawaii's pre-2006 extended-term sentencing scheme required a two-step process; the second step of which required the sentencing judge to make findings of fact, other than of prior convictions, in violation of Apprendi. (F & R at 10-12); Kaua III, 436 F.3d at 1060-61. In Kaua III, the Ninth Circuit Court of Appeal's held that the defendant had the right under the Sixth Amendment as articulated in Apprendi to have a jury make the "necessary for protection of the public" finding.

In Kamana'o v. Peyton, 2006 WL 1775869 (D. Haw. June 21, 2006), the United States District Court of the District of Hawaii discussed, at length, the same argument that Respondents make in this case with respect to Rivera. Just as the Kamana'o court found, this Court likewise finds Respondents' argument unavailing. Kamana'o v. Peyton, 2006 WL 1775869 at *4-6. This Court is bound by the Ninth Circuit appellate court's decision in Kaua III, not by the Hawaii Supreme Court's decision in Rivera.

In Cunningham, the United States Supreme Court also expressly rejected the argument that federal courts should follow state court decisions even where the state court decisions are

14

directly contrary to clearly established federal law. The State of Hawaii, as *amicus* in Cunningham, argued, as the Respondents do in this case, that state court decisions are entitled to deference. The United States Supreme Court addressed the import of a California state court decision, People v. Black, 113 P.3d 534, 543-48 (Cal. 2005), in which the California Supreme Court justified the state's sentencing scheme. In doing so, the United States Supreme Court rejected the argument that federal district courts are bound to follow state court decisions where the state court's interpretation of federal constitutional law is contrary to United States Supreme Court precedent:

> Respondent and its *amici* argue that whatever this Court makes of California's sentencing law, the *Black* court's "construction" of that law as consistent with the Sixth Amendment is authoritative. Brief for Respondent 6, 18, 33; Brief for Hawaii et al. as Amici Curiae 17, 29. We disagree. The *Black* court did not modify California law so as to align it with this Court's Sixth Amendment precedent. See 35 Cal.4th, at 1273, 29 Cal.Rptr.3d 740, 113 P.3d, at 555-556 (Kennard, J., concurring and dissenting). Rather, it construed this Court's decisions in an endeavor to render them consistent with California law. The *Black* court's interpretation of federal constitutional law plainly does not qualify for this Court's deference.

Cunningham, 127 S.Ct. at 871.

### 2. **Rivera did not overrule prior Hawaii state court case law applying the two-step process**

Contrary to the Respondents' position, it is not at all clear that Rivera is an overruling of prior Hawaii state court case law applying the two-step process. Indeed, Rivera, relying

on earlier Hawaii state court cases, reiterated that the sentencing court is required to determine in a second step that the defendant's commitment for an extended-term is necessary for protection of the public. Rivera, 102 P.3d at 1058. There is no language in Rivera which overrules its earlier decisions. Rather "maintaining the viability of the earlier rulings is obviously inconsistent with overruling them." Kamana'o, 2006 WL 1775869 at *6.

### 3. The circuit court imposed an extended-term sentence based on findings of fact other than the fact of a prior conviction

Respondents contend that the magistrate judge erroneously found that the:

> "circuit court also made findings of fact which it relied upon to find that an extended term was necessary for protection of the public. [Appx C. to Answer]. Thus, the decision to impose Petitioner's extended sentence was based upon facts in addition to the facts of her prior convictions."

(Resp. Obj. at 20 (citing F & R at 13.))

Respondents' argument fails. As discussed above in Part I.B., in Petitioner's case, the state circuit court relied on facts other than Petitioner's prior convictions in imposing an extended-term sentence and expressly found that an extended term of imprisonment was necessary for protection of the public.

Regardless of the import of the Rivera decision or other Hawaii state court cases, there is no doubt that the circuit court in this case applied the two-step process to impose

Petitioner's extended-term sentence.  The findings made by the circuit court involve facts beyond Petitioner's prior convictions such that the circuit court applied Hawaii's extended-term sentencing scheme to Petitioner in an unconstitutional manner.

As Petitioner points out in one of her supplemental memorandums, Respondents do not point to *any* cases in which a Hawaii state court has imposed, or a state appellate court has affirmed, an extended-term sentence on the basis of nothing more than facts of a prior conviction.  This is certainly not such a case.

**III. Harmless Error**

Where a court imposes a sentence beyond the statutory maximum, the government has the burden of showing that the error was harmless beyond a reasonable doubt." Stokes v. Schriro, 465 F.3d 397, 404 (9th Cir. 2006) (applying harmless error standard to Apprendi violation)(citing United States v. Banuelos, 322 F.3d 700, 706 and n. 4 (9th Cir. 2003).

In this case, the Respondents do not even argue, much less make a showing, that the Apprendi error in Petitioner's sentence was harmless beyond a reasonable doubt.  Respondents have failed to carry their burden.

### CONCLUSION

The Court **ADOPTS** the Findings and Recommendation to Grant Petition for Writ of Habeas Corpus, dated September 1, 2006,

17

modifying it and supplementing it as set forth above. Petitioner's Section 2254 Petition is **GRANTED**.  The State of Hawaii is ordered to resentence Petitioner in a manner consistent with this Order.

The Clerk of Court is **DIRECTED** to enter judgment in Petitioner's favor and to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 16, 2007.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
Deborah K. Mainaaupo v. James Propotnick, Acting Director, Department of Public Safety, State of Hawaii, et al.; Civ. No. 05-00641; **ORDER ADOPTING IN PART, MODIFYING IN PART, AND SUPPLEMENTING THE FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE GRANTED AND GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION**